**BAKER & HOSTETLER, LLP**
Benjamin Pergament
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4622
Facsimile: 212-589-4201
Email: bpergament@bakerlaw.com
*Counsel for Defendant Volkswagen of America Inc.,*
*an operating unit of Volkswagen Group of America, Inc.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASH AUTO GROUP 2 LLC,<br>d/b/a Volkswagen Oneonta,<br><br>                 Plaintiff,<br>    v.<br><br>VOLKSWAGEN OF AMERICA, INC., an<br>operating division of Volkswagen Group of<br>America, Inc.<br><br>              Defendant. | DOCKET NO. _____<br><br><br>**NOTICE OF REMOVAL** |

Defendant Volkswagen of America, Inc., an operating division of Volkswagen Group of America, Inc. ("VWoA"), by and through its undersigned counsel, hereby files its notice of removal of this civil action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and respectfully states as follows:

1.    Plaintiff Lash Auto Group 2 LLC, d/b/a Volkswagen Oneonta ("LAG2") filed a complaint against VWoA in the Supreme Court of the State of New York, County of Westchester, on or about January 26, 2015. Counsel for LAG2 emailed a copy of the summons and complaint to counsel for VWoA on January 26, 2015, and caused the same to be served on the New York Secretary of State on February 2, 2015. VWoA has not filed a responsive

pleading and no orders have issued.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint are attached hereto as Exhibit A.

2.     This action is removable under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Plaintiff and Defendant are of diverse citizenship; Defendant is not a citizen of New York; this Court embraces the Supreme Court, County of Westchester; and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

3.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(a) and (b).

4.     Defendant VWoA is corporation formed and existing under the laws of the State New Jersey with its principal place of business in Virginia.

5.     As stated in the complaint, Plaintiff LAG2 is a New York limited liability company with its principal place of business in Ostego County, New York.   Exhibit A, Complaint at ¶ 9.  LAG2 is owned entirely by DJD Holdings 2, LLC.  *Id.* at ¶ 19.

6.     DJD Holdings 2, LLC is a New York limited liability company with two members: GBP Holdings Automotive, LLC and Steven Adam.  *Id.* at ¶¶ 19, 21, 25.

7.     Upon information and belief, Steven Adam is a citizen of the State of New York.

8.     GBP Holdings Automotive, LLC is a Delaware limited liability company with two members: Jeffrey Lash ("Lash") and GBP Holdings, LP.  *Id.* at ¶ 23.

9.     Upon information and belief, Lash is a citizen of the State of Florida.

10.     GBP Holdings, LP is a limited partnership organized and existing under the laws of the State of Delaware.  *Id.* at ¶ 26.  GBP Holdings, LP has one general partner, GBP Capital Holdings, LLC.  *Id.*

11.     GBP Capital Holdings, LLC is a New York limited liability company owned

-2-

entirely by its sole member, David Gentile ("Gentile"). *Id.* Upon information and belief, Gentile is a citizen of the State of New York.

12.      Pursuant to Local Rule 81.1 of this Court, VWoA states that it has no knowledge of the identities or citizenship of the limited partners of GBP Holdings, LP. Plaintiff LAG2 is, therefore, obliged under Local Rule 81.1 to file in the office of the Clerk a statement of the omitted information within 21 days of removal.

13.      This action is properly removed to this Court because complete diversity exists between Plaintiff LAG2 and Defendant VWoA, and VWoA is not a citizen of New York. 28 U.S.C. §§ 1332(a), 1441(a),(b).

14.      Plaintiff brings this action seeking to enjoin VWoA from terminating the Volkswagen dealership agreement existing between LAG2 and VWoA.

15.      Removal under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(c) is therefore proper as the matter in controversy exceeds $75,000 exclusive of interest and costs.

16.      As required by 28 U.S.C. §1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to all counsel of record and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Westchester.

17.      Defendant reserves all defenses and the right to amend or supplement this Notice of Removal.


WHEREFORE, Defendant VWoA respectfully requests that the above action now pending in the Supreme Court of the State of New York, County of Westchester, be removed therefrom to this Court.

Dated:   February 13, 2015

Respectfully submitted,

Benjamin Pergament
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4622
Facsimile: (212) 589-4201
E-mail:  bpergament@bakerlaw.com

*Counsel for  Defendant Volkswagen Of
America, Inc., an operating unit of Volkswagen
Group of America, Inc.*

# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 01/26/2015 03:36 PM   INDEX NO. 51125/2015

NYSCEF DOC. NO. 1                                                      RECEIVED NYSCEF: 01/26/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------x

LASH AUTO GROUP 2 LLC,
d/b/a Volkswagen Oneonta,

            Plaintiff

v.

VOLKSWAGEN OF AMERICA INC.,
an operating unit of Volkswagen Group
of America, Inc.

            Defendant

------------------------------------------------------------x

    : Index No. 51125/2015
    : Date filed: 01/26/15
    :
    : SUMMONS
    :
    :
    : Venue is based on the
    : Plaintiff's doing business
    : in Westchester County

TO THE ABOVE NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an answer to the verified complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: Westchester, New York
       January 26, 2015

                    Stuart A. Rosenthal, Esq.

                    Stuart A. Rosenthal, Esq.
                    399 Knollwood Road  Suite 107
                    White Plains, NY 10603
                    Tel. 914-205-7700
                    Stuart@rosenthal.lawyer

                    and

                    Robert C. Byerts
                    Bass Sox Mercer
                    2822 Remington Green Circle
                    Tallahassee, FL 32308
                    850.878.6404

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------x
LASH AUTO GROUP 2 LLC,                              :
d/b/a Volkswagen Oneonta,                           :
                                                    : Index No. _____
                                                    : Date filed:_____
              Plaintiff                             :
                                                    :
v.                                                  : SUMMONS
                                                    :
                                                    :
VOLKSWAGEN OF AMERICA INC.,                         :
an operating unit of Volkswagen Group               :
of America, Inc.                                    : Venue is based on the
                                                    : Plaintiff's doing business:
              Defendant                             : in Westchester County
-----------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

       **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an
answer to the verified complaint in this action within twenty days after the service of this
summons, exclusive of the day of service, or within thirty days after service is complete if this
summons is not personally delivered to you within the State of New York.  In case of your
failure to answer, judgment will be taken against you by default for the relief demanded in the
verified complaint.

Dated: Westchester, New York
       January 26, 2015

                                      Stuart A. Rosenthal, Esq.

                                        *Stuart A. Rosenthal*

                                      Stuart A. Rosenthal, Esq.
                                      399 Knollwood Road  Suite 107
                                      White Plains, NY 10603
                                      Tel. 914-205-7700
                                      Stuart@rosenthal.lawyer

                                      and

                                      Robert C. Byerts
                                      Bass Sox Mercer
                                      2822 Remington Green Circle
                                      Tallahassee, FL 32308
                                      850.878.6404

<u>Rbyerts@dealerlawyer.com</u>
Pro Hac Vice pending

TO:

Volkswagen of America, Inc.
2200 Ferdinand Porsche Drive
Herndon, Virginia 20171

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------x

LASH AUTO GROUP 2 LLC,                    :
d/b/a Volkswagen Oneonta,                  :
                                           :
                    Plaintiff              :   Index No. _____/____
                                           :   Date Filed: January 26, 2015
v.                                         :   COMPLAINT
                                           :
VOLKSWAGEN OF AMERICA INC.,                :
an operating unit of Volkswagen Group      :
of America, Inc.                           :
                                           :
                    Defendant              :

-------------------------------------------------------x

Plaintiff Lash Auto Group 2, LLC d/b/a Volkswagen Oneonta ("Lash Oneonta"), by their

attorneys, Stuart Rosenthal and Bass Sox Mercer, as and for their Complaint against

Volkswagen of America, Inc. ("VW") allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Lash Oneonta is a Volkswagen dealer located in Oneonta, New York.

2. This action arises out of VW's violations of New York's Franchised Motor Vehicle
   Dealer Act, Veh. & Tr. L. §§ 460 *et. seq.* ("Dealer Act").

3. VW seeks to terminate Lash Oneonta without providing notice and a reasonable
   opportunity to cure. VW's notice of termination was issued without due cause and in
   the absence of good faith, such that VW is unable to sustain its burden to prove that
   due cause and good faith exist.

4. VW's attempted termination of Lash Oneonta's franchise agreement causes injury in
   the form of the lost value of the franchise.

1

5. This action also arises out of VW's attempt to prevent Lash Oneonta from changing the capital structure of its dealership, or the means by or through which it finances the operation of its dealership, or finances the acquisition or retention of inventory, despite the fact that Lash Oneonta at all times meets VW's capital standards.

6. New York's Dealer Act prohibits automobile manufacturers and distributors from terminating the franchise of any franchised motor vehicle dealer except in good faith, for due cause, and after notice and a reasonable opportunity to cure, and prohibits automobile manufacturers and distributors from preventing changes to the capital structure of a dealership.

7. The Dealer Act provides that any franchised motor vehicle dealer who receives a written notice of termination may have a review of the threatened termination by instituting an action, as provided in section four hundred sixty-nine of the Dealer Act, and that if such action is commenced within four months of receipt of notice, such action shall serve to stay, without bond, the proposed termination until the final judgment has been rendered.

8. Accordingly, pursuant to the Dealer Act, Lash Oneonta seeks: (i) preliminary and permanent injunctive relief enjoining VW from terminating its VW franchise; (ii) injunctive relief requiring VW to refrain from preventing or attempting to prevent, Lash Oneonta from changing the capital structure of its dealership, or the means by or through which it finances the operation of its dealership, or finances the acquisition or retention of inventory; and (iii) attorneys' fees and costs as authorized by the Dealer Act.

**THE PARTIES**

9.  Plaintiff Lash Oneonta is a New York limited liability company, with its principal office in Ostego County, New York. Lash Oeonta and VW are parties to a "franchise" agreement, as defined in section 462(6) of the Dealer Act, dated February 13, 2012, for the sale and service of Volkswagen motor vehicles. Lash Oneonta is a "franchised motor vehicle dealer" as defined in section 462(7) of the Dealer Act.

10. Defendant VW is an unincorporated division of Volkswagen Group of America Inc. ("VWoA") a corporation organized and existing under the laws of the State of New Jersey with its principal office in the Commonwealth of Virginia. VW is a "franchisor" as defined in section 462(8) of the Dealer Act.

11. Venue is proper in this Court pursuant to CPLR §503.

**NEW YORK'S FRANCHISED MOTOR VEHICLE DEALER ACT**

12. The Dealer Act proscribes certain conduct on the part of automobile manufacturers and distributors (i.e. "franchisors") as unlawful and as unfair business practices. The prohibitions of the Dealer Act govern, "notwithstanding the terms of [the] franchise contract." Dealer Act§ 463 2.

13. The Dealer Act forbids automobile franchisors from attempting to "terminate, ... the franchise of any franchised motor vehicle dealer except for due cause." Dealer Act § 463 2.(d). The Dealer Act places the burden on a franchisor in a termination action to prove due cause and good faith in issuing the notice of termination. Dealer Act§ 463 2.(e)(2). The Dealer Act requires a franchisor to prove a material breach that was not cured within a reasonable time after written notice of the breach from the distributor. Dealer Act§ 463 2.(e)(2).

3

14. The Dealer Act renders unlawful any franchisor's action which will "unreasonably withhold consent to the sale or transfer of an interest, in whole or in part, to any other person or party by any franchised motor vehicle dealer or any partner or stockholder of any franchised motor vehicle dealer." Dealer Act §463 2.(k)

15. The Dealer Act also renders unlawful any attempt by a franchisor to "directly or indirectly [impose] unreasonable restrictions on [a dealer] relative to transfer ... and assertion of legal or equitable rights with respect to its franchise or dealership." Dealer Act § 466(1).

16. The Dealer Act prohibits franchisors from preventing or attempting to prevent a dealer from changing its capital structure. Dealer Act § 463 2.(o).

17. The Dealer Act creates a private right of action for injunctive relief and damages and provides for the award of attorney's fees:

> A franchised motor vehicle dealer who is or may be aggrieved by a violation of this article shall be entitled to sue for, and have, injunctive relief and damages in any court of the state having jurisdiction over the parties. In any such action or proceeding, the court may award necessary costs and disbursements plus a reasonable attorney's fee to any party.

Dealer Act§ 469(1).

## FACTS COMMON TO ALL CLAIMS

18. DJD Holdings 2, LLC ("DJD2") is a limited liability company organized and existing under the laws of the State of New York.

19. In 2012, when VW approved Lash Oneonta's franchise agreement, VW also approved DJD2's 100% ownership of the membership interests of Lash Oneonta. At that time, the membership interests of DJD were: CKGF Lash Group ("CKGF LG"), which owned 90% of DJD2, and Steven Adam ("Adam") who owned 10% of DJD2. In turn, CKGF LG consisted of: McAnna, Ltd. -25%, Rina Chernaya - 12.5%, Diana Chernaya

4

- 12.5%, David Gentile ("Gentile")- 9.5%, Robert Kessler - 9.5% and Gerald Francese
- 1%.

**Lash VW Changes Its Capital Structure**

20. In 2013, anticipating the need for increased investment in the VW franchise, Lash
Oenonta began to seek opportunities to access additional capital to devote to
franchise operations and to change the capital structure of the dealership.

21. On May 13, 2013 , DJD2 entered into an agreement (the "51% LAG2 Agreement")
with GPB LLC ("GPB LLC"), whereby GPB LLC agreed to contribute capital to the
dealership through a purchase 51% of the membership interests of DJD2.

22. In 2013, Lash Oneonta notified VW representatives of its plans to access additional
capital and change its capital structure.

23. GPB LLC is a limited liability company organized and existing under the laws of the
State of Delaware and formed on May 13, 2013, with Gentile named as the sole
manager. On May 14, 2014, GPB LLC changed its name to GPB Holdings
Automotive, LLC. Pursuant to an operating agreement, dated May 15, 2013, GPB
Holdings, LP was the sole owner of GPB LLC. An amended and restated operating
agreement dated January 1, 2014, admitted Lash as a 15% owner of GPB LLC,
reduced the membership interest of GPB Holdings, LP to 85% and appointed Lash as
a manager of GPB LLC.

24. In January 2014, Lash VW notified VW representatives that ownership changes at
Lash VW were under consideration. VW representatives began communicating with
GPB Capital LLC concerning the specifics of the ownership changes.

25. On February 13, 2014, DJD2 entered in an agreement (the "44.1% LAG2
Agreement") with GPB LLC, whereby GPB LLC agreed to contribute additional

capital through a purchase of 44.1% of the membership interests of DJD2. The 44.1% LAG2 Agreement did not provide for the purchase of Adam's 4.9% interest.

26. GPB Holdings, LP, is a limited partnership organized and existing under the laws of the State of Delaware. The general partner of GPB Holdings, LP is GPB Capital Holdings, LLC, which is a limited liability company organized and existing under the laws of the State of Delaware. Gentile is the sole member and manager of GPB Capital Holdings, LLC.

27. GPB Holdings, LP was formed to raise capital from investors to invest in several asset classes including automotive assets. GPB Holdings LLC, was initially established and has always maintained an arrangement with Lash that Lash would manage and oversee the automotive dealerships to which GPB Holdings, LP provided investment and other capital.

28. From the time of franchise approval through the current date, Lash has been the general manager and Authorized Representative of Lash Oneonta and responsible for the operation of Lash Oneonta. With regard to the management of dealership operations, nothing has materially changed. Lash maintains operational control over the dealership and remains the Authorized Representative of Lash Oneonta.

29. From the time of franchise approval through the current date, Gentile has been the manager of the equity owner of Lash Oneonta. With regard to the management of the ownership of the Lash Oneonta dealership, nothing has materially changed.

30. Any change in the beneficial ownership of Lash Oneonta has occurred for the purpose of modifying the capital structure, providing access to additional capital and is not otherwise a material change in ownership.

6

31. By correspondence dated August 20, 2014, Lash Oneonta representatives provided information to VW about the changes to the dealership's capital structure.

**VW Response**

32. At VW's request Lash Oneonta representatives met with VW on September 17, 2014, and provided additional information for VW's consideration with regard to the proposed change of capital structure and resulting beneficial interests.

33. By correspondence on or about September 18, 2014, VW sought information from Lash Oneonta concerning potential transfers by and among Lash VW, GPB Holdings, LP, DJD Holdings, LP, GPB Holdings Automotive, LLC, and Lash. Thereafter, Lash and Lash Oneonta provided information regarding the change in capital structure and potential transfers to VW.

34. In a letter dated October 2, 2014, VW sought additional information from Lash and Lash Oneonta.

35. By correspondence dated October 6, 2014, Lash Oneonta representatives provided VW with additional information concerning the changes in capital structure and resulting beneficial interests. In response, VW invited Lash Oneonta representatives to meet and discuss VW's concerns.

36. On or about October 16, 2014, Lash Oneonta representatives met with VW to discuss VW's concerns.

37. VW did not, in its correspondence exchange with Lash Oneonta, provide written notice to Lash Oneonta of the alleged material breach of the franchise agreement and a reasonable time to cure.

38. Prior to receiving any notice from VW to terminate its franchise agreement, Lash Oneonta by correspondence dated October 31, 2014 offered to cure the alleged

7

breach by, among other things, rescinding the agreements about which VW expressed concern and restoring the ownership to the 2012 arrangements. However, VW refused to accept the offer.

39. By Notice dated October 28, 2014 ("NOT"), VW advised Lash Oneonta that it intended to terminate the franchise agreement pursuant to 14(1)(a), 14(1)(d) and Exhibit C, ¶ 1(c) effective ninety days, based upon the alleged unauthorized transfer of ownership, an alleged "Breach of Trust," and despite the fact Lash remains the Lash Oneonta authorized Representative, an allegation that Lash Oneonta lacks an Authorized Representative.

40. Lash Oneonta received the NOT on or about November 4, 2014. Lash VW timely filed this action seeking a determination of its rights under the Dealer Act.

**FIRST CAUSE OF ACTION FOR VIOLATION OF THE DEALER ACT**
**(Declaratory Judgment and Injunctive Relief Concerning Attempted**
**Termination)**

41. Lash Oneonta repeats and realleges the foregoing paragraphs as if set forth herein.

42. VW failed or refused to provide the written notice of material breach and reasonable opportunity to cure required by §463 2.(e) of the Dealer Act.

43. The grounds VW asserts for termination do not amount to due cause under §463 2.(e) of the Dealer Act as the changes represent permitted changes to the Lash Oneonta capital structure.

44. The grounds VW asserts for termination do not amount to due cause under §463 2.(e) (3) of the Dealer Act as the changes are not material changes to the ownership structure constituting a material and substantial breach of the Dealer Agreement.

8

45. Section 469(a) of the Dealer Act establishes a private right of action for violations of the Dealer Act, and entitles aggrieved dealers, such as Lash Oneonta, to injunctive relief, without a showing of irreparable harm.

46. Nevertheless, as a direct and proximate result of the foregoing, Lash Oneonta is threatened with irreparable harm as VW has initiated proceedings to terminate the franchise agreement with VW, and the resulting loss of the franchise cannot be quantified in monetary terms.

47. Lash Oneonta has no adequate remedy at law.

48. By reason of the foregoing, Lash Oneonta is entitled to entry of an Order staying VW's attempted termination of the Lash Oneonta franchise, without bond, pending final determination.

49. By reason of the foregoing, Lash Oneonta is entitled to a declaratory judgment that VW has violated section 463 2(d) and (e) of the Dealer Act and permanent injunctive relief requiring that VW issue written notice to Lash Oneonta of the alleged material breach and provide a reasonable opportunity to cure the alleged breach, in advance of issuance of a notice of termination.

50. Further, Lash Oneonta, by reason of the foregoing, is entitled to a declaratory judgment that VW has violated section 463 2.(e) of the Dealer Act in attempting to terminate Lash Oneonta because the changes to capital structure and resulting beneficial ownership changes, if any, do not amount to material changes to the ownership structure constituting a material and substantial breach of the Dealer Agreement.

9

**SECOND CAUSE OF ACTION FOR VIOLATION OF THE DEALER ACT**
**(Declaratory Judgment and Injunctive Relief Concerning Ownership**
**Transfers)**

51. Lash Oneonta repeats and realleges the foregoing paragraphs as if set forth herein.

52. By reason of the foregoing, VW is unlawfully preventing Lash Oneonta from changing their capital structure in violation of section 463 2.(j) of the Dealer Act.

53. Section 466(1) of the Dealer Act prohibits manufacturers and distributors from "directly or indirectly [imposing] unreasonable restrictions on [a dealer] relative to transfer ... discipline...option to purchase...and assertion of legal or equitable rights with respect to its franchise or dealership." Dealer Act § 466(1 ).

54. Section 469(a) of the Dealer Act establishes a private right of action for violations of the Dealer Act, and entitles aggrieved dealers, such as Lash Oneonta, to injunctive relief, without a showing of irreparable harm.

55. By reason of the foregoing, Lash Oneonta is entitled to a declaratory judgment that VW has violated section 463 2.(j) of the Dealer Act and permanent injunctive relief requiring that VW consent to Lash Oneonta's changes to its capital structure without termination and without unreasonable restrictions.

**THIRD CAUSE OF ACTION FOR VIOLATION OF THE DEALER ACT**
**(Attorney's Fees, Costs and Expenses)**

56. Lash Oneonta repeats and realleges the foregoing paragraphs as if set forth herein.

57. Section 469 of the Dealer Act establishes a private right of action for violations of the Dealer Act, and entitles aggrieved dealers to an award of reasonable attorney's fees, costs and disbursements.

58. By reason of the foregoing, Lash Oneonta is entitled to an award of reasonable attorney's fees, costs and disbursements incurred in connection with this action, in amounts to be determined at trial.

10

### FOURTH CAUSE OF ACTION BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

59. Lash Oneonta repeats and realleges the foregoing paragraphs as if set forth herein.

60. The dealership agreement between Lash Oneonta and VW, like all contracts, contains an implied covenant of good faith and fair dealing pursuant to New York common law.

61. By its conduct as alleged herein, VW has breached the covenant of good faith and fair dealing implied by law in the dealership agreement.

62. VW has acted in a manner intended to deny Lash Oneonta the reasonably expected benefits bargained for in the dealership agreement.

63. As a result of VW's breach of the implied covenant of good faith and fair dealing, Lash Oneonta has sustained substantial economic damages in an amount to be determined at trial.

**WHEREFORE,** Lash Oneonta demands a trial by jury for all claims so triable and requests judgment:

(i) on the First Cause of Action, for a declaratory judgment and permanent injunctive relief enjoining and restraining VW from terminating or attempting to terminate Lash Oneonta's franchise agreement and determining that VW has violated section 463 2.(e) of the Dealer Act in attempting to terminate Lash Oneonta because the changes to capital structure and resulting beneficial ownership changes, if any, do not amount to material changes to the ownership structure constituting a material and substantial breach of the Dealer Agreement;

(ii) on the Second Cause of Action, for a declaratory judgment determining that VW has violated section 463 2.(j) of the Dealer Act and permanent injunctive relief

11

requiring that VW honor Lash Oneonta's changes to its capital structure and, if required, evaluate and consent to Lash Oneonta's ownership changes without unreasonable conditions or restrictions;

(iii) on the Third Cause of Action, for an award in favor of Lash Oneonta against VW of their reasonable attorney's fees, costs and disbursements incurred in connection with this action, in amounts to be determined at trial;

(iv) on the Fourth Cause of Action, for a declaratory judgment that VW has breached the covenant of good faith and fair dealing implied by law in the dealership agreement and an award of damages in an amount to be determined; and

(iv) for such other and further relief in favor of Lash Oneonta as this Court deems just and proper.

Dated: January 26, 2014

Stuart A. Rosenthal
Attorney at Law
399 Knollwood Road  Suite 107
White Plains, NY 10603
Tel. 914-205-7700
Stuart@rosenthal.lawyer

and

Robert C. Byerts
Bass Sox Mercer
2822 Remington Green Circle
Tallahassee, FL 32308
850.878.6404
Rbyerts@dealerlawyer.com
Pro Hac Vice pending

12

<u>Rbyerts@dealerlawyer.com</u>
Pro Hac Vice pending


TO:

Volkswagen of America, Inc.
2200 Ferdinand Porsche Drive
Herndon, Virginia 20171

Index No. _____ Year: 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

LASH AUTO GROUP 2 LLC,  d/b/a Volkswagen Oneonta,

Plaintiff,

-against-

VOLKSWAGEN OF AMERICA INC., an operating unit of Volkswagen Group of America, Inc.

Defendant.

---

SUMMONS AND COMPLAINT

---

Stuart A. Rosenthal
*Attorneys for*: Plaintiff
Law Offices of Stuart A. Rosenthal
399 Knollwood Road  Suite 107
White Plains, New York 10603
Tel. 914.205.7700

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: 01·26·2015                Signature: _____

---

*Service of a copy of the within* _____ *is hereby admitted.*
Dated:

·····················································
Attorney(s) for

Index No. 5125 Year: 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

LASH AUTO GROUP 2 LLC,  d/b/a Volkswagen Oneonta,

*Plaintiff,*

-against-

VOLKSWAGEN OF AMERICA INC., an operating unit of Volkswagen Group of America, Inc.

*Defendant.*

---

SUMMONS AND COMPLAINT

---

Stuart A. Rosenthal
*Attorneys for*: Plaintiff
Law Offices of Stuart A. Rosenthal
399 Knollwood Road  Suite 107
White Plains, New York 10603
Tel. 914.205.7700

---

*Pursuant to 22 NYCRR 130 -1.1, the undersigned, an attorney admitted to practice in the courts of New York State,*
*certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed*
*document are not frivolous.*

Dated: 01 · 26 - 2015          Signature: ........................................................

---

*Service of a copy of the within*                                        *is hereby admitted.*
Dated:

........................................................
Attorney(s) for

DOS-470 (Rev. 4/08)

**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

Return Service Requested

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

*USPS CERTIFIED MAIL*

USPS CERTIFIED MAIL

9214 8969 0059 7933 5754 83

201502050633
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY, 12207-2543

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
VOLKSWAGEN GROUP OF AMERICA, INC.                LASH AUTO GROUP 2 LLC


C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY,  NY 12207-2543


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 02/02/2015 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                        Division of Corporations

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** WESTCHESTER

------------------------------------------------------------x

LASH AUTO GROUP 2 LLC d/b/a Volkswagen
Oneonta

               Plaintiff/Petitioner,

     - against -                Index No. 51125/2015

Volkswagen of America, Inc., an operating unit
of Volkswagen Group of America, Inc.

               Defendant/Respondent.

------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New-York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment or (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 01/26/2015

_Stuart A Rosenthal_ (Signature)      399 Knollwood Road,  Ste 107 (Address)

Stuart A. Rosenthal (Name)      White Plains, NY 10603

Law Office of Stuart A. Rosenthal (Firm Name)      914-205-7700 (Phone)

      Stuart@Rosenthal.Lawyer (E-Mail)

To: _____

_____

_____

6/4/14

Index No. 51125   *Year: 2015*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

LASH AUTO GROUP 2 LLC,  d/b/a Volkswagen Oneonta,

*Plaintiff,*

-against-

VOLKSWAGEN OF AMERICA INC., an operating unit of Volkswagen Group of America, Inc.

*Defendant.*

---

Notice of Commencement of Action

Subject to Mandatory Electronic Filing

---

Stuart A. Rosenthal
*Attorneys for*: Plaintiff
Law Offices of Stuart A. Rosenthal
399 Knollwood Road  Suite 107
White Plains, New York 10603
Tel. 914.205.7700

---

*Pursuant to 22 NYCRR 130 -1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:                              Signature:    ....................................

---

*Service of a copy of the within*                              *is hereby admitted.*